UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOAN THOMAS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TRENT THOMAS, DECEASED,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, EXPRESS SCRIPTS HOLDING COMPANY, AND SECURION LIFE INSURANCE COMPANY, F/K/A MINNESOTA LIFE INSURANCE COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Securian Life Insurance Company, erroneously sued as Securion Life Insurance Company f/k/a Minnesota Life Insurance Company ("hereinafter "Securian Life"), removes this action from the Second Judicial District for the County of Bernalillo, New Mexico, in accordance with 28 U.S.C. §§ 1331, 1332, 1441, and 1446; 29 U.S.C. § 1132(e) and (f); and D.N.M. LR-Civ. 81.1. Pursuant to 28 U.S.C. § 1446(a) and D.N.M. LR-Civ 81.1, Securian Life has attached copies of all process, pleadings, and other orders served upon it, along with all records and proceedings from the state court action. (*See* Ex. A, State Court File.)

## I. Relevant Background.

This case involves a dispute over life insurance benefits. Defendant Express Scripts Holding Company ("Express Scripts") established and maintained a plan of life insurance for the benefit of its employees. Express Scripts funded its group term life insurance plan via a group policy issued by Securian Life. (*See* Ex. B, Certificate for Group Policy No. 70007, the "Policy".)

The plaintiff's decedent, Trent Thomas, was employed by Express Scripts and participated in the company's group term life insurance plan. (Compl. ¶¶ 7, 10.) The decedent stopped working in April 2015. Upon information and belief, the decedent filed a claim for disability benefits with Metropolitan Life Insurance Company, which provided short-term and long-term disability coverage under the Express Scripts welfare benefit plan. (Compl. ¶¶ 8-9.)

Mr. Thomas died on February 23, 2017. (Compl. ¶ 9.) The plaintiff is the decedent's surviving spouse and the designated beneficiary of any benefits payable under the Policy. (Compl. ¶ 10.) In late July 2017, Securian Life received a claim for the life insurance benefit payable under Group Policy No. 70007 as a result of Mr. Thomas' death. The claim was denied because the decedent's coverage under the group policy terminated on October 26, 2015, and he never filed an application to convert his group coverage to an individual life insurance policy. (Ex. C, 8/30/17 Denial Letter.)

The plaintiff filed suit in New Mexico state court, alleging causes of action for Promissory Estoppel (Count 1), Violations of the New Mexico Unfair Practices Act (Count 2), and Insurance Bad Faith (Count 3).

## II. This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

### A. The Policy Is Governed By ERISA.

The Policy constitutes an employee benefits plan governed by ERISA. Thus, any claim for (or dispute over) benefits under the Policy is governed by ERISA, and all state or common law causes of action are preempted.

Under ERISA, an "employee welfare benefit plan" is:

> any plan, fund, or program . . . established or maintained by an employer … for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise … benefits in the event of sickness, accident, disability, death or unemployment.

29 U.S.C. § 1002(1).

The Policy satisfies all those requirements.

*Plan, Fund, Or Program*. "A plan, fund, or program exists if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits." *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 464 (10th Cir. 1997). Here, any reasonable person can review the Policy and ascertain: (1) the intended benefits (life insurance benefits); (2) the class of beneficiaries (active, full-time employees of Express

Scripts); (3) the source of financing (benefits are funded by Securian Life under the Policy); and (4) the procedure for receiving benefits (submit a claim to Securian Life).

*Established Or Maintained By An Employer*.  Express Scripts was the decedent's employer, and it purchased the Policy from Securian Life to provide life insurance coverage for all its active, full-time employees.  Express Scripts also paid premiums for the "basic life insurance" benefit payable under the Policy, which is the benefit that the plaintiff seeks in this lawsuit.  *See Sipma v. Massachusetts Cas. Ins. Co.*, 256 F.3d 1006, 1012 (10th Cir. 2001) (employer's purchase of group policy covering a class of employees and payment of premiums constitutes substantial evidence that a plan has been established).

*For The Purpose Of Providing Benefits To Its Employees Or Their Beneficiaries*. Again, a cursory review of the Policy shows that it covers Express Scripts employees. The life insurance benefits are paid to the employees' beneficiaries.  Furthermore, ERISA expressly covers an employer's provision of "benefits … in the event of death," which is what the Policy here provides.

Consequently, the Policy is an employee welfare benefit plan governed by ERISA.

**B. Plaintiff's State Law Claims Are Preempted by ERISA and are Removable to Federal Court.**

Although the plaintiff has not attempted to state a claim under ERISA, this Court still has removal jurisdiction.  The plaintiff seeks benefits from an employee welfare benefit plan, which is a claim made under Section 502(a) of ERISA.  *See* 29 U.S.C. §

1132(a)(1)(b) ("A civil action may be brought – by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan . . .").

> [T]he ERISA civil enforcement mechanism is one of those provisions with such ***extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim*** for purposes of the well-pleaded complaint rule.  Hence, causes of action within the scope of the civil enforcement provisions of § 502(a) [are] ***removable to federal court***.

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (emphasis added).  Accordingly, because the plaintiff's claims all arise from an alleged wrongful denial of benefits under an ERISA-regulated employee benefit plan, they are pre-empted by ERISA and "convert[ed] … into … a federal claim …[that is] removable to federal court." *Id.*; *see also Sawyer v. USAA Ins. Co.*, 912 F. Supp. 2d 1118, 1146 (D.N.M. 2012) (holding that plaintiff's state law causes of action for breach of contract, insurance bad faith, unfair insurance practices, and negligent misrepresentation, which all related to benefits payable under welfare benefit plan, were preempted by ERISA and therefore properly removed to federal court).

### III. Alternatively, This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332.

Even if the plaintiff's claim for life insurance benefits was not governed by ERISA, her Complaint would still be removable under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

#### A. There Is Diversity Of Citizenship.

Diversity of citizenship exists because the plaintiff and all defendants are diverse:

- The plaintiff is a citizen of New Mexico (Compl. ¶ 1);

- Defendant Metropolitan Life Insurance Company is incorporated in New York and also has its principal place of business in that state (*See* Compl. ¶ 2);

- Defendant Express Scripts Holding Company is incorporated in Delaware and also has its principal place of business in St. Louis, Missouri; and

- Defendant Securian Life Insurance Company is incorporated in Minnesota and also has its principal place of business in that state. (*See* Compl. ¶ 4.)

## B. The Amount in Controversy Exceeds $75,000.

The removing party must demonstrate that "the amount in controversy more likely than not exceeds $75,000." *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (citing 14C Charles Alan Wright et al, *Federal Practice & Procedure* § 3725, at 73 (3d ed. 1998)). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

The plaintiff seeks "the value of the life insurance policy proceeds" as damages in this lawsuit. (Compl. ¶ 37.) Based on the decedent's salary and age at the time he was last covered under the Policy, the benefit payable would have been $77,000. (Ex. D, Claim Coverage Journal.) Although the Complaint alleges that the life insurance benefits is "approximately $70,000" (Compl. ¶ 10 n.1), in her July 7, 2017 pre-suit demand, the plaintiff stated (correctly) that the available policy benefits were $77,000. (Ex. E, 7/7/17 Letter, at 2 n.1)

Moreover, in addition to the compensatory damages totaling $77,000, the plaintiff seeks "trebled" damages pursuant to NMSA § 57-12-10(B), as well as "punitive and exemplary damages." (Compl. ¶¶ 27, 33, 38.) Punitive and exemplary damages must be considered to be in controversy for jurisdictional purposes, though Securian Life denies that the plaintiff is entitled to any such damages. *Walker v. THI of New Mexico at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1327 (D.N.M. 2011) ("A claim for punitive damages may be included in the jurisdictional amount to the extent of recovery that New Mexico punitive-damage law allows." (citing *Burrell v. Burrell*, 229 F.3d 1162 (10th Cir. 2000)).

Lastly, the plaintiff seeks attorneys' fees under NMSA § 57-12-10(C) as a component of damages. (Compl. ¶ 27.) In the Tenth Circuit, attorneys' fees are properly considered when determining the amount of controversy if a contract or state statute provides for such fees. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir.1998) ("The Supreme Court has long held that when a statute permits recovery of attorneys' fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship."); *Salazar v. GEICO Ins. Co.*, CIV 10-0118 JB/RLP, 2010 WL 2292930, at *10 (D.N.M. Apr. 27, 2010) ("The law is settled that the amount expended for attorneys' fees are a part of the matter in controversy for subject-matter-jurisdiction purposes when a contract or state statute provides for such fees.").

Thus, even assuming the benefit payable was only $70,000 as the plaintiff alleges in her Complaint, her request for treble, exemplary, and punitive damages, as well as her request for attorneys' fees as a component of damages, would easily place the amount in controversy above the jurisdictional threshold.

The amount in controversy is unquestionably met here.

### IV.  This Removal Is Timely

1. The plaintiff filed her Complaint in state court on October 17, 2017.

2. Defendant Securian Life accepted service of the Summons and Complaint on November 10, 2017.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because 30 days have not expired since the Summons and Complaint were served.

### V.  Securian Life Has Met All Other Requirements For Removal

1. Securian Life has satisfied the other requirements for removal under 28 U.S.C. § 1446 and D.N.M. LR-Civ. 81.1

2. Securian Life has served a copy of this notice upon the plaintiff.

3. Pursuant to 28 U.S.C. § 1446(a) and D.N.M. LR-Civ 81.1, Securian Life has attached copies of all process, pleadings, and other orders served upon it, along with all records and proceedings from the state court action. (*See* Ex. A, State Court File.)

4. Securian Life has concurrently filed a copy of this notice with the clerk of the Second Judicial District Court in Bernalillo County of the State of New Mexico.

Accordingly, defendant Securian Life removes the above entitled action from the Second Judicial District, Bernalillo County, New Mexico, to the United States District Court for the District of New Mexico.

### CONSENT FROM ALL DEFENDANTS

MetLife and Express Scripts are the only other defendants aside from Securian Life. MetLife and Express Scripts, per their counsel, consent to removal of this action, as manifest by their signatures below.

DATED: November 21, 2017				LEWIS ROCA ROTHGERBER CHRISTIE LLP

							By: */s/ Ryan M. Walters*
								Ryan M. Walters
								201 Third Street NW, Suite 1950
								Albuquerque, NM 87102-4388
								Tel: 505.764.5400
								Fax: 505.764.5480
								E-mail:   rwalters@lrrc.com
								*Attorneys for Defendants Securian Life*
								*Insurance Company, erroneously sued*
								*as Securion Life Insurance Company f/k/a*
								*Minnesota Life Insurance Company*

		Consented to by:		*/s/ Jack Englert, Jr.*
								Jack Englert, Jr.
								Holland & Hart
								6380 South Fiddlers Green Circle
								Suite 500
								Greenwood Village, CO  80111
								Tel. 303.290.1087
								E-mail:   jenglert@hollandhart.com
								*Attorneys for Defendant Metropolitan Life*
								*Insurance Company*

Consented to by: */s/ John J. Peirano*
John J. Peirano
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mt. Kemble Ave.
P.O. Box 2075
Morristown, NJ 07962
Tel. 973.425.8711
E-mail: jpeirano@mdmc-law.com
*Attorneys for Defendant Express Scripts Holding Company*

## CERTIFICATE OF SERVICE

I hereby certify on November 21, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

> Benjamin Hancock, P.C.
> 6121 Indian School Road NE, #206
> Albuquerque, NM 87110
> Telephone: 505-508-4343
> *Attorneys for Plaintiff Joan Thomas*
>
> Jack Englert, Jr.
> Holland & Hart
> 6380 South Fiddlers Green Circle
> Suite 500
> Greenwood Village, CO  80111
> Tel. 303.290.1087
> *Attorneys for Defendant Metropolitan Life Insurance Company*
>
> John J. Peirano
> McElroy, Deutsch, Mulvaney & Carpenter, LLP
> 1300 Mt. Kemble Ave.
> P.O. Box 2075
> Morristown, NJ 07962
> Tel. 973.425.8711
> *Attorneys for Defendant Express Scripts Holding Company*

*/s/ Ryan M. Walters*
Ryan M. Walters
*Attorneys for Defendants Securian Life Insurance Company, erroneously sued as Securion Life Insurance Company f/k/a Minnesota Life Insurance Company*