# EXHIBIT A

# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/17/2017 11:08:14 AM
James A. Noel
DeAnne Santistevan

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

JOAN THOMAS, Individually and
as Personal Representative of the
Estate of Trent Thomas, deceased

    Plaintiff,                               No.    D-202-CV-2017-07403

vs.

METROPOLITAN LIFE INSURANCE COMPANY,
EXPRESS SCRIPTS HOLDING COMPANY,
and
SECURION LIFE INSURANCE COMPANY, f/k/a
MINNESOTA LIFE INSURANCE COMPANY,

    Defendants.

## COMPLAINT FOR PROMISSORY ESTOPPEL, FOR VIOLATION OF THE UNFAIR TRADE PRACTICES ACT, AND FOR INSURANCE FOR BAD FAITH

COMES NOW Joan Thomas (hereinafter "Plaintiff"), by and through her attorney Benjamin Hancock, and for her Complaint against the Defendants states as follows:

### Parties and Venue.

1.    Plaintiff is an individual residing in Bernalillo County, New Mexico. Plaintiff was the was the spouse of Trent Thomas, who died on February 23, 2017, in Bernalillo County, New Mexico. Plaintiff brings this suit both in her capacity as an individual that suffered damages as set forth herein, and as the Personal Representative of her late husband's estate, having been duly appointed the same as by the Honorable Nan Nash in Case Number D-202-PB-2017-00545.

2. Defendant Metropolitan Life Insurance Company (hereinafter "Metlife") is a mutual insurance company incorporated in New York State and doing business in New Mexico.

3. Defendant Express Scripts Holding Company (hereinafter "Express Scripts") is a Missouri corporation doing business in New Mexico.

4. Defendant Securion Life Insurance Company, f/k/a Minnesota Life Insurance Company (hereinafter "Securion") is a life insurance company incorporated Minnesota and doing business in New Mexico.

### Facts.

5. On February 23, 2017, Trent Thomas (hereinafter, "Decedent") died at the age of sixty-eight (68) years old, in Bernalillo County, New Mexico.

6. Plaintiff is the surviving spouse of Decedent and was the beneficiary named in Decedent's life insurance policies.

7. For many years Decedent was employed as a pharmacist by Medco (and later by Express Scripts, following Medco's merger with Express Scripts).

8. In July of 2015, Decedent began to develop symptoms secondary to a diagnosis of COPD and emphysema. Decedent needed some time off from work to tend to these health concerns. Since Decedent enjoyed Short Term Disability coverage through MetLife, he availed himself of that coverage, and a claim was established and proceeded at that time under MetLife Claim.

9. Unfortunately, when Decedent's symptoms did not ameliorate, but in fact worsened, he availed himself of his Long-Term Disability coverage that he enjoyed

through MetLife. Those benefits begin in August of 2015, and continued until his death on February 23, 2017.

10. After Decedent's death, Plaintiff (as surviving spouse) made a claim for Decedent's modest[1] life insurance policy proceeds available through the MetLife Group Life Insurance that Decedent enjoyed through his employment.

11. Decedent had made premium payments for many years.

12. The claim was denied based upon a cancellation of the policy for nonpayment of premiums.

13. However, Defendants made representations to Decedent and to Plaintiff that one of the benefits under his Long-Term Disability coverage was a "premium waiver" such that he was a not required to make life insurance policy premium payments while receiving long-term disability benefits.

14. Decedent relied upon these representations to his detriment.

### Count One: Promissory Estoppel.

15. Plaintiff incorporates herein by reference all the factual allegations found elsewhere in this Complaint as if set forth herein in full.

16. Defendants made representations to Decedent and to Plaintiff (and to Plaintiff's agents) that include, but are not limited to, representations that a life insurance policy "premium waiver" was in effect that at all times material hereto.

17. Defendants intended that Decedent and Plaintiff rely upon the representations.

18. Decedent and Plaintiff relied upon representations to their detriment.

---

[1] Upon information and belief, the life insurance policy proceeds were approximately $70,000.

19. Plaintiff pleads promissory estoppel, and expressly avers that Defendants should be barred and forever precluded from reneging upon her promises to pay, as such claims are contrary to Defendants' own deeds, acts, and representations.

20. Specifically, Defendants should be estopped from denying payment of life insurance policy proceeds to Plaintiff since Defendants made representations they knew Plaintiff would rely upon, and which Plaintiff did in fact rely upon to her detriment, suffering damages.

### Count Two: Violations of the New Mexico Unfair Practices Act.

21. Plaintiff incorporates herein by reference all the factual allegations found elsewhere in this Complaint as if set forth herein in full.

22. At all relevant times herein, New Mexico has a statute that prevents unfair and unconscionable trade practices, *viz.*, the New Mexico Unfair Practices Act, § 57-12-1 NMSA (2003) *et. seq.*

23. As alleged hereinabove, Defendants made false and/or misleading oral or written statements that were knowingly made in connection with the sale of goods and services in the regular course of their trade or commerce, which may, tend to, and did in fact deceive or mislead Plaintiff and/or Decedent.

24. Defendants engaged in unfair trade practices including, but not limited to:

(a) causing confusion or misunderstanding as to affiliation, connection or association with or certification by another;

(b) stating that a transaction involves rights, remedies or obligations that it does not involve; and

(c) failing to deliver the quality or quantity of goods or services contracted for.

25. Defendants also engaged in unconscionable trade practices in connection with the sale of goods and services by taking advantage of the lack of knowledge, ability, experience or capacity of Plaintiff to a grossly unfair degree, which resulted in a disparity between the value received and the price paid.

26. The foregoing actions of Defendants constitute misrepresentation and omission, which are unfair or deceptive trade practices or unconscionable trade practices, within the meaning of the New Mexico Unfair Practices Act, NMSA 1978, § 57-12-2.

27. As a proximate result of Defendants' violation of the Unfair Practices Act, Plaintiff has been damaged as set forth below, which should be trebled pursuant to § 57-12-10(B) NMSA (2005). Plaintiff is also entitled to her attorney's fees and costs pursuant to § 57-12-10(C) NMSA (2005).

## Count Three: Insurance Bad Faith.

28. Plaintiff incorporates herein by reference all the factual allegations found elsewhere in this Complaint as if set forth herein in full.

29. Implied in the insurance policies issued by Defendants Metlife and Securion to the Decedent is the duty on the part of said Defendants to deal fairly with its insured.

30. Further, under New Mexico law, Defendants Metlife and Securion have a duty to act honestly, promptly, in good faith, and in a non-discriminatory manner in the performance of the insurance contract.

31. Said Defendants further have an obligation to give equal consideration to its own interests and the interests of its insureds and policyholders.

32. As described herein, Metlife and Securion have breached those duties and have thereby acted in bad faith.

33. Metlife and Securion's actions were intentional, malicious, and willful and wanton, thereby justifying an award of punitive and exemplary damages.

34. The actions of the Defendants Metlife and Securion and their agents and employees as set forth above constitute unfair insurance trade practices prohibited by N.M. Stat. Ann. § 59A-16-1through § 59A -16-30.

35. As a direct and proximate result of Defendants' unfair insurance trade practices, Plaintiff has suffered damages.

## Damages.

36. Plaintiff incorporates herein by reference all the factual allegations found elsewhere in this Complaint as if set forth herein in full.

37. As a result of Defendants' conduct alleged herein, Plaintiff has been deprived of property including, but not limited to, the value of the life insurance policy proceeds, and has incurred attorney's fees and costs.

38. Additionally, the conduct of Defendants is such as would shock the conscience, in that Defendants engaged in reckless, willful, malicious and wanton conduct and showed an utter indifference to and conscious disregard for Decedent's rights and well-being.  Such conduct ought not be tolerated in a civilized society, and justifies the imposition of punitive damages.

## Amount in Controversy.

39. Plaintiff is suing Defendants under state common law and/or state statutory theories only. Plaintiffs affirmatively states that the amount in controversy is less than $75,000.00, exclusive of interests and costs. Plaintiffs affirmatively disclaim any cause of

action arising under the Constitution, treatises or other laws of the United States, including but not limited to any claim arising from an act or omission on a federal enclave or by any officer of the United States or any agent or person acting on behalf of such individual is being asserted against Defendants. No claim under admiralty or maritime is alleged. To the extent this paragraph conflicts with any other allegations herein, this paragraph shall control.

### Demand for Early Mediation.

40. Plaintiff hereby demands in writing that the parties attempt to settle this dispute via an early mediation at Defendants' expense pursuant to the guidelines set forth in NMSA 1978 §57-12-10 (F) and (G) et seq.

### Prayer.

WHEREFORE, Plaintiff prays for judgment against Defendants, and respectfully prays that this Court to grant the following relief:

   a. Find that Defendants are liable to Plaintiff based upon promissory estoppel, the New Mexico Unfair Practices Act, and insurance bad faith;

   b. Award Plaintiff actual and punitive damages in an amount to be determined by the trier of fact;

   c. Award Plaintiff attorney's fees and costs;

   d. Order this case to early mediation at Defendants' expense as set forth in NMSA 1978 § 57-12-10 (F) and (G); and

   e. Grant such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF BENJAMIN HANCOCK, P.C.

*/s/ Benjamin Hancock*
6121 Indian School Rd. NE, Suite 206
Albuquerque, NM 87110
Phone 505.508.4343
Fax 505.508.4323
*Attorney for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/17/2017 2:06:55 PM
James A. Noel
Pam Martinez

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

No. D-202-CV-2017-07403

JOAN THOMAS, Individually and as
Personal Representative of the Estate
of Trent Thomas, Deceased,

    Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE COMPANY,
EXPRESS SCRIPTS HOLDING COMPANY,

and

SECURION LIFE INSURANCE COMPANY, f/k/a
MINNESOTA LIFE INSURANCE COMPANY,

    Defendants.

## NOTICE OF PEREMPTORY EXCUSAL OF ASSIGNED JUDGE

Plaintiff, Joan Thomas, by and through her attorney, Benjamin Hancock, hereby elects to exercise her peremptory right to excuse the Honorable Judge Clay Campbell from this case and direct the Clerk of Court to issue notice to all parties that the Honorable Judge Clay Campbell has been so excused. This action is taken pursuant to Rule 1-088 NMRA.

Respectfully submitted,

LAW OFFICE OF BENJAMIN HANCOCK, P.C.

/s/ Benjamin Hancock
Benjamin Hancock
6121 Indian School Road NE, Suite 206
Albuquerque, NM 87110
Phone 505.508.4343
Fax 505.508.4323
*Attorney for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/17/2017 11:08:14 AM
James A. Noel
DeAnne Santistevan

SECOND JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF BERNALILLO

JOAN THOMAS, Individually and
as Personal Representative of the
Estate of Trent Thomas, deceased

    Plaintiff,

No.    D-202-CV-2017-07403

vs.

METROPOLITAN LIFE INSURANCE COMPANY,
EXPRESS SCRIPTS HOLDING COMPANY,
and
SECURION LIFE INSURANCE COMPANY, f/k/a
MINNESOTA LIFE INSURANCE COMPANY,

    Defendants.

## COURT-ANNEXED ARBITRATION CERTIFICATION

The undersigned Attorney for Plaintiff, pursuant to Second Judicial District Local Rule 2-603, hereby certifies as follows:

    \_\_\_\_  Plaintiff seeks *only a money judgment and the amount sought does not exceed twenty-five thousand dollars* ($25,000.00) exclusive of punitive damages, interest, costs, and attorney's fees.

    _X_  Plaintiff seeks relief *other than a money judgment and/or seeks relief in excess of twenty-five thousand dollars* ($25,000.00) exclusive of punitive damages, interest, costs, and attorney's fees.

LAW OFFICE OF BENJAMIN HANCOCK, P.C.

*/s/ Benjamin Hancock*
6121 Indian School Rd. NE, Suite 206
Albuquerque, NM 87110
Phone 505.508.4343
Fax 505.508.4323
*Attorney for Plaintiff*

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT COURT

JOAN THOMAS, ET AL.,

V.

METROPOLITAN LIFE INSURANCE COMPANY, ET AL.          No. D-202-CV-2017-07403

## NOTICE OF JUDGE REASSIGNMENT

The above referenced case has been reassigned to the Honorable Beatrice J. Brickhouse, District Judge, Second Judicial District. This reassignment is effective 10/17/2017.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: /s/ Pamela Martinez
Pamela Martinez

Electronically Filed On: 10/17/2017
To All Parties Entitled to Notice